NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| A.B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 21-886 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff A.B.'s Appeal (Doc. No. 1) from the final decision of the Commissioner of the Social Security Administration denying her application for Social Security Disability benefits. For the reasons set forth below, the Commissioner's decision is **VACATED** and **REMANDED.**

**I.     BACKGROUND**

On March 27, 2018, Plaintiff filed an application for Disability Insurance Benefits. (R. 244-49). Subsequently, on May 28, 2018, Plaintiff filed an application for Supplemental Security Income under Title XVI of the Social Security Act. (*Id.*). Plaintiff alleged disability since September 20, 2017, and is insured for disability insurance benefits through December 31, 2022. (R. 17). These applications were denied on initial consideration on July 23, 2018. (R. 148-154). The claim was again denied on Reconsideration on December 6, 2018. (R. 157-62). Plaintiff then filed a Request for Hearing on December 11, 2018. (R. 163-64). A hearing was held on January 13, 2020, before Administrative Law Judge ("ALJ") John Campbell. (R. 15). Following that

1

hearing, the ALJ issued a decision on February 5, 2020 that Plaintiff was not disabled. (R. 1-6). Plaintiff requested a review of the ALJ's decision by the Appeals Council, which was denied on November 30, 2020. (R. 1-6). Thereafter, Plaintiff filed this action for judicial review. (Doc. No. 1).

The ALJ concluded that because of her impairments, Plaintiff was limited to: sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he (*sic*) can occasionally climb ramps and stairs, balance, stoop, kneel and crouch; and can never climb ladders or scaffolding or crawl. She can occasionally push/pull and reach in all directions with her left upper extremity. She can handle and finger bilaterally. She cannot work at unprotected heights, around exposed moving mechanical parts, or with (*sic*) operate dangerous heavy machinery or equipment such as that which cuts, tears, crushes, shears, or punctures in its operation. (R. 22).

Based upon the above finding of residual functional capacity ("RFC"), the ALJ found that Plaintiff could not return to any of her past relevant work as a data entry clerk. (R. 26). At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including the representative occupations of addresser (DOT 209.587-010), order clerk (DOT 209.567-014), and charge account clerk (DOT 205.367-014). (R. 27). Therefore, the ALJ determined that Plaintiff was not disabled through the date of the ALJ's decision. (*Id.*).

I.  **LEGAL STANDARD**

   **A. Sequential Evaluation Process**

In order to receive benefits under the Social Security Act ("SSA"), the Plaintiff must be disabled within the meaning of the Act. The Commissioner applies a five-step evaluation process to make this determination. *See* 20 C.F.R. § 404.1520.

For the first four steps of the evaluation process, the Plaintiff has the burden of establishing her disability by a preponderance of the evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014). First, the Plaintiff must show that she was not engaged in "substantial gainful activity" for the relevant time period. 20 C.F.R. § 404.1572. Second, the Plaintiff must demonstrate that she has a "severe medically determinable physical and mental impairment" that lasted for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R. § 404.1509. Third, either the Plaintiff shows that her condition was one of the Commissioner's listed impairments, and is therefore disabled and entitled to benefits, or the analysis proceeds to step four. 20 C.F.R. § 404.1420(a)(4)(iii). Fourth, if the condition is not equivalent to a listed impairment, the ALJ must assess the Plaintiff's residual functional capacity ("RFC"), and the Plaintiff must show that she cannot perform her past work. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1520(e). If the Plaintiff meets her burden, the burden shifts to the Commissioner for the last step. *Zirnsak*, 777 F.3d at 612. At the fifth and last step, the Commissioner must establish that other available work exists that the Plaintiff can perform based on her RFC, age, education, and work experience. 20 C.F.R. § 404.1520 (a)(4)(v); *Zirnsak*, 777 F.3d at 612. If the Plaintiff can make "an adjustment to other work," she is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### B. Review of the Commissioner's Decision

This Court reviews the ALJ's application of the law under a de novo standard and the ALJ's factual findings under a substantial evidence standard. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citing 42 U.S.C. 405(g)); *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); and *Monsour Med. CR. v. Heckler*, 806 F.2d 1185, 1191 (3d Cir. 1986)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *See, e.g., Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if this Court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, this Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 110, 114).

**II.    DISCUSSION**

Plaintiff identifies an error in the findings and limitations regarding the Non-dominant Left Upper Extremity, when in fact the primarily affected limb is the Dominant Right Upper Extremity. Confusion between right and left began at the hearing, when the ALJ posed questions to the VE singling out the left upper extremity. The VE testified that work would not be able to be done if the found limitations were assigned to the appropriate dominant extremity. (R. 77). While the RFC says "left upper extremity" and the VE testimony relied upon concerned the left upper extremity, the rest of the ALJ's decision only singles out the right upper extremity. Further, the majority of the testimony at the hearing concerned the right upper extremity. Apart from the finding for the RFC, the left upper extremity is mentioned only twice in the rest of the

ALJ's decision. The first is indicating a diagnosis of bilateral carpal tunnel syndrome. (R. 23). And the second is, "her extremity power was noted to be 4/5 on right and 5/5 on left." (R. 24). No other discussion of the left upper extremity appears in the decision that would indicate the ALJ specifically considered the left upper extremity.

Because the record switches between right and left inconsistently without rationale, we are unable to conduct the "meaningful judicial review" with which we are tasked. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 93 (3d Cir. 2007). This is not harmless error because, according to the VE, work would not be doable if the limitations were assigned to the dominant extremity. (R. 77). We remand for further development of the record clarifying the dominant and non-dominant extremities, their limitations, and the availability of work given those limitations.

Further, the ALJ does not address all of the evidence relating to medical imaging of the Plaintiff. The ALJ mistakenly refers to an MRI as an EMG. (R. 24, 1351). The ALJ does not acknowledge several protrusions and bulges present in that evidence, and he does not discuss any of the other MRIs. (R. 1347, 1353-54). "When an ALJ does not address all of the evidence of record, the appropriate action is to remand for further proceedings, as a District Court has no fact-finding role in reviewing social security disability cases." *Zied v. Astrue*, 347 F. App'x 862, 865 (3d Cir. 2009) (citing *Hummel v. Heckler,* 736 F.2d 91, 93 (3d. Cir. 1984)). We remand for further development of the record regarding the medical imaging evidence.

Plaintiff identifies additional error with the limitations on handling and fingering. The RFC states that Plaintiff "can handle and finger bilaterally" without specifying a limitation on frequency. (R. 22). The ALJ later states "the undersigned gave additional limitations of bilateral upper extremity fingering/handling." (R. 25). These statements are not consistent, seeing as the RFC does not specify a limitation for bilateral fingering/handling. Remand is an opportunity to

5

clarify what the limitations for bilateral fingering and handling are and, accordingly, which jobs, if any, are available in significant numbers in the national economy with those limitations. This is consequential at Step Five because the work identified here cannot be performed with less than frequent reaching. (See DOT 209.587-010, 209.567-014, 205.367-014).

### III. CONCLUSION

For the reasons stated above, this Court remands to the ALJ for further development of the administrative record and for reconsideration and evaluation of the evidence on Plaintiff's disability. An order follows.

Dated: 3/25/2022                                        /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge